NOT DESIGNATED FOR PUBLICATION

No. 123,931

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MELISSA SCHRAND,
*Appellee,*

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant.*


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WILLIAM P. MAHONEY, judge. Opinion filed October 7, 2022. Affirmed.

*Nhu Nguyen*, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

*Bruce D. Mayfield*, of Bruce D. Mayfield, Chartered, of Overland Park, for appellee.

Before HURST, P.J., HILL and ATCHESON, JJ.

PER CURIAM: The Kansas Department of Revenue appeals a district court's reversal of the Department's order suspending the driving license of Melissa Schrand. The Department claims the court abused its discretion because it has no burden of proof at a judicial review of an administrative driving license suspension. The burden is on the petitioner. The Department had agreed to subpoena the police officers for the hearing on Schrand's petition for judicial review. After the police officers involved in the case, for the second time, failed to honor the court's subpoenas and appear in court to give testimony, Schrand was effectively denied her legal right to judicial review of an

1

administrative action. We see no abuse of discretion by the court reversing the driving suspension order. We affirm.

*Schrand refuses a breath alcohol test.*

Schrand was arrested for suspicion of driving under the influence in September 2018. Schrand refused a breath test and Kansas City, Kansas police officers provided her with an Officer's Certification and Notice of Suspension, also known as Form DC-27. The form was certified by three officers: Brett Bradfield, Yeng Vang, and Ken Garrett.

Schrand requested an administrative hearing on her license suspension. Following a hearing, the hearing officer affirmed Schrand's driving license suspension and issued an administrative order suspending her license. The hearing officer noted that Schrand admitted to having a drink, had slurred speech and bloodshot eyes, smelled of alcohol, and failed field sobriety tests.

Schrand asked the district court to either dismiss the Department's suspension of her driving license or, in the alternative, conduct a judicial review of the administrative hearing order. In her petition, Schrand alleged that the officers did not have reasonable suspicion to request a preliminary breath test, did not have reasonable grounds to arrest her, and the officers did not correctly provide her the required notices according to Kansas law.

Schrand's hearing was set three times. In January 2020 the hearing was continued because all of the officers involved in Schrand's arrest failed to appear. This hearing was continued over Schrand's objection because she had traveled from Ohio to be present for the hearing. In March 2020 Schrand's hearing was continued because of the COVID-19 pandemic.

2

Schrand's final hearing date was in December 2020. Of the officers subpoenaed, only Officer Yang appeared. Only the Department had subpoenaed the officers, and Schrand relied on counsel's agreement that the Department would subpoena the officers. Schrand's attorney orally moved to dismiss the Department's suspension of Schrand's driving license because Officers Bradfield and Garrett failed to appear.

Schrand's attorney explained that they needed Officer Garrett to make their case because he is the officer who "went through the PBT process," arrested her, provided the required notice to her, and transported her to the station. Schrand also alleged that Officer Garrett gave her notice and "gratuitous advice" that she did not understand and was relevant to her argument.

The Department's attorney noted that Officer Vang—who appeared at the hearing and was available to testify—interviewed Schrand, administered the field sobriety tests, wrote a report describing why they had probable cause to arrest, and was present for her arrest. The attorney also argued the court could rely on the officers' collective information if only Vang testified.

The district court said that it could not proceed with the hearing because two of the officers involved were unavailable. The court dismissed the Department's suspension of the driving license. The court also explained that it particularly trusted testimony from one of the officers who failed to appear based on past experiences, and it could not get the whole story without him there. The district court held that the officers' failure to appear deprived Schrand of her due process and right to present the facts to the court.

On appeal, the Department argues that the district court erred by granting Schrand's motion to dismiss because of its witnesses' failure to appear since Schrand had the burden at the hearing. It also argues that the district court erred in granting Schrand relief after dismissing the petition for judicial review.

3

*The district court acted properly.*

Appeals from the administrative suspension of driving licenses are subject to review under the Kansas Judicial Review Act, K.S.A. 77-601 et seq. K.S.A. 2021 Supp. 8-259(a); *Rosendahl v. Kansas Dept. of Revenue*, 310 Kan. 474, 480, 447 P.3d 347 (2019). But appeals to the district court are de novo. *Manzano v. Kansas Dept. of Revenue*, 50 Kan. App. 2d 263, 267, 324 P.3d 321 (2014).

Under the K.S.A. 77-621(c), the district court may grant relief if the agency action violated constitutional rights, if the agency erroneously interpreted the law, if the agency procedure was unlawful, and if the agency action was otherwise unreasonable, arbitrary, or capricious. *Manzano*, 50 Kan. App. 2d at 267. On appeal, the burden of proving the invalidity of the agency action rests on the party asserting such invalidity. K.S.A. 77-621(a)(1). This means that the burden was on Schrand to prove that the Department improperly suspended her license.

Basically, the Department is arguing that it was up to Schrand to make her case and she took no steps to ensure that she could offer her evidence to the court at the hearing. The Department offers four points in support of its position:

(1) Schrand had to make a diligent effort to bring in the officers;

(2) there should be an inference that their testimony would have been adverse to Schrand;

(3) Officer Vang could have testified to the officers' collective information; and

(4) the officers did not have to appear at the hearing because the Form DC-27 was admissible without them.

In sum, the Department asks us to find that the district court abused its discretion by shifting the burden of proving the validity of the agency action to the State.

4

Schrand argues that she relied on the Department's subpoenas to secure the officers' presence at the hearing. In fact, there is evidence in the record that the Department's attorney agreed to subpoena the officers. Schrand also included emails between her attorney and the Department's attorney in the appendix of her brief. But she did not request to add them to the record so we cannot consider them. See *State v. Warren*, 302 Kan. 601, 614, 356 P.3d 396 (2015).

The Department also relies on an unpublished Court of Appeals case in which the court found that the licensee had the opportunity to call the certifying officer to testify but chose not to. The court held that the Department "was under no obligation to call witnesses or present evidence for the purpose of satisfying [licensee's] burden of proof before the district court. *Jennings v. Kansas Dept. of Revenue*, No. 114,916, 2016 WL 4499587, at *2 (Kan. App. 2016) (unpublished opinion).

We offer a note on professional responsibility. We do not take the Department's argument to mean that a licensee seeking judicial review of agency action cannot rely on the Department's attorney's agreement to subpoena its witnesses. And that Schrand should have also subpoenaed the witnesses to ensure their appearance. If that was the Department's argument, it would take us into far deeper waters than where we are now. Attorneys make agreements with other attorneys all the time to facilitate the practice of law. Attorneys should be able to rely on such promises.

Schrand did have the burden of proof at the hearing. But unlike *Jennings,* there was an agreement that the Department would subpoena the officers and secure them for the hearing. Indeed, it subpoenaed the officers but two of them failed to appear for the hearing twice. Without the officers' testimony, Schrand could not make her case. Because of this agreement, the district court did not err in dismissing the Department's suspension of Schrand's driving license, even though only the Department subpoenaed the officers.

Frankly, if the officers would not honor the Department's subpoenas, we see nothing in the record that shows they would have honored a subpoena submitted by Schrand.

*Something important is lost when officers dishonor subpoenas and fail to appear.*

Suspension of driving licenses is a state action that adjudicates an important interest of the licensee. Driving licenses may not be taken away without the procedural due process required by the Fourteenth Amendment to the United States Constitution. Due process does not require perfect procedure, but the fundamental requirement is the opportunity to be heard at a meaningful time and in a meaningful manner. *Kempke v. Kansas Dept. of Revenue*, 281 Kan. 770, 776, 133 P.3d 104 (2006).

Kansas law establishes a two-step procedure for the suspension of licenses: (1) the initial administrative hearing, and (2) a de novo hearing before the district court. *Kempke*, 281 Kan. at 795.

Schrand argues she was denied her second hearing which was necessary to receive due process. It was not Schrand's fault that the officers failed to appear. She notes that the key witness, Officer Garrett, failed to appear—and even the district court commented on the importance of his testimony.

If the district court had conducted Schrand's hearing without Officers Bradfield and Garrett, Schrand might have been denied the opportunity to be heard meaningfully because she needed the officers' testimony to make her case. Although Officer Vang was present, Schrand said Officer Garrett was her key witness because he was the one who determined probable cause, arrested her, and gave her the required notices. And even though the Form DC-27 could be admitted without the officers, one of Schrand's arguments was about the verbal information Officer Garrett gave her, which could not be found on the form.

6

Judicial review of agency actions should not be reduced to a make-do procedure with whoever decides to appear at hearings. If we were to rule otherwise, then a licensee could never have meaningful review because an officer could simply fail to appear at the hearing, as these two did, and the licensee could never make her case. That is unfair and unreasonable. The district court did not abuse its discretion here. This ruling was the well-reasoned exercise of judicial discretion by an experienced jurist.

The Department says that by dismissing the petition for judicial review, the district court lost its jurisdiction to grant Schrand relief and therefore could not grant the relief sought in Schrand's petition. Our review of the record does not reveal that the court, in fact, dismissed this petition before vacating the Department's suspension order. Actually, the Department asks this court to find that the district court had no jurisdiction and reverse its decision. The Department cites no authority to support this argument. Pressing a point without pertinent authority is like failing to brief an issue. We hold that issue is waived or abandoned. *In re Care & Treatment of Sigler*, 310 Kan. 688, Syl. ¶ 1, 448 P.3d 368 (2019).

Finally, citing K.S.A. 77-621(c), the Department contends the district court's order violates the Judicial Review Act. That statute states that a reviewing court can grant relief only if it finds one or more of the eight conditions listed in the statute applies to a case. Failing to honor subpoenas is not on that list of eight.

This argument would be pertinent if the court had conducted a hearing on the merits of Schrand's petition for judicial review. But it did not because the failure of the police officers to appear at the hearing prevented such a hearing. Instead, K.S.A. 77-622(b) applies here. That statute states that on final disposition, a court may "set aside or modify agency action." We see no reason to limit the court's choices in this situation to continue the hearing on this petition a fourth time. Enough is enough.

The district court had the authority of law to reverse the Department's order suspending Schrand's driving license and acted with reasonable discretion.

Affirmed.